```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       AUSTIN DIVISION

 3   UNITED STATES OF AMERICA    ) Docket No. A 12-CR-210(6) SS
                                 )
 4   vs.                         ) Austin, Texas
                                 )
 5   FRANCISCO ANTONIO           )
     COLORADO-CESSA              ) January 25, 2013
 6

 7         TRANSCRIPT OF PENDING MOTIONS/STATUS CONFERENCE
                 BEFORE THE HONORABLE SAM SPARKS
 8
     APPEARANCES:
 9
     For the United States:      Ms. Michelle E. Fernald
10                               Mr. Douglas W. Gardner
                                 Assistant U.S. Attorneys
11                               816 Congress Avenue, Suite 1000
                                 Austin, Texas 78701
12

13   For the Defendant          Mr. Mike DeGeurin
                                 Mr. M. Andres Sanchez-Ross
14                               Foreman, DeGeurin & DeGeurin
                                 300 Main Street
15                               Houston, Texas 77002

16   Interpreter:               Mr. Peter Heide

17   Court Reporter:            Ms. Lily Iva Reznik, CRR, RMR
                                 501 West 5th Street, Suite 4153
18                               Austin, Texas 78701
                                 (512)391-8792
19

20

21

22

23

24

25   Proceedings reported by computerized stenography, transcript
     produced by computer.
```

| | | |
|---|---|---|
| 10:57:54 | 1 | THE COURT:  I understand there's one set of microphones |
| 10:57:58 | 2 | and the interpreter's gone to get them. |
| 10:58:00 | 3 | THE CLERK:  He did. |
| 11:00:01 | 4 | THE COURT:  All right.  You gentlemen who have the |
| 11:00:03 | 5 | headphones, so that you can understand the translation into |
| 11:00:09 | 6 | Spanish, if it's working, raise your hand.  All right.  Let the |
| 11:00:38 | 7 | record reflect we've now taken care of that. |
| 11:00:43 | 8 | This is 12-CR-210.  This is a motion hearing.  I have |
| 11:00:50 | 9 | motions filed only on three defendants.  On Defendant No. 3, Jose |
| 11:00:56 | 10 | Trevino-Morales, I have motions to produce transcripts, motion to |
| 11:01:04 | 11 | require the government to produce witness and exhibit lists, the |
| 11:01:08 | 12 | request for the Court to review in camera the presentence |
| 11:01:13 | 13 | reports/notes, sentencing transcripts, and plea colloquies of the |
| 11:01:25 | 14 | government's cooperating witness for Brady and Giglio materials. |
| 11:01:29 | 15 | It's a new one on me.  Motion for disclosure of NCIC and TCIC |
| 11:01:35 | 16 | criminal backgrounds and immigration, and another motion to |
| 11:01:38 | 17 | produce transcripts that was handed to me this morning, way |
| 11:01:44 | 18 | beyond the deadline.  But I've never enforced the deadline.  I |
| 11:01:50 | 19 | just remember the lawyer. |
| 11:01:55 | 20 | The fourth defendant is Zulema Trevino, and I have |
| 11:02:01 | 21 | their motion to compel compliance with the Court's standing |
| 11:02:04 | 22 | discovery order, and wanting Giglio and Jencks material, witness |
| 11:02:10 | 23 | names earlier than Friday before the trial.  We'll discuss that, |
| 11:02:13 | 24 | of course.  And then, on Francisco Antonio Colorado-Cessa, I have |
| 11:02:18 | 25 | a motion to depose witnesses, which I have reviewed the motion |

11:02:25  1  and the government's response on that.

11:02:27  2          So let's take Jose Trevino-Morales first.  The

11:02:34  3  defendant need not come up.  He's in the courtroom.  He can

11:02:37  4  listen where he is.

11:02:38  5          Mr. Finn, you have the lectern.  Why don't you tell me

11:02:43  6  what you are wanting, and let's find out where you are.

11:02:48  7          MR. FINN:  Yes, your Honor.

11:02:48  8          THE COURT:  I've been running for over 20 years an open

11:02:52  9  file, pretty much, discovery.  The only problem is when it opens.

11:03:02 10  And as a general rule, particularly in cases such as this one

11:03:07 11  where there are a lot of defendants and a lot of interest from

11:03:11 12  non-defendants, I require the identification of the witnesses.  I

11:03:20 13  say I require.  I request, frankly, the government to give the

11:03:24 14  identity of the witnesses on the Friday before jury selection and

11:03:33 15  then, the order of witnesses on a daily basis.

11:03:41 16          Then on the transcripts, what transcripts are you

11:03:44 17  missing?

11:03:44 18          MR. FINN:  Judge, transcripts that I'm referring to are

11:03:48 19  the jail transcripts.  The government's been recording almost all

11:03:53 20  conversations involving all defendants, all witnesses for quite

11:03:58 21  some period of time, and what I'm trying to avoid is a scenario

11:04:02 22  where they drop that on me Friday afternoon, before Monday trial.

11:04:07 23  You know, these recordings that are probably going to be in

11:04:09 24  Spanish, which I am not fluent in.  I'm just trying to make sure

11:04:14 25  that I'm prepared and that I don't waste your time or the jury's

11:04:19    1    time.

11:04:19    2            THE COURT:  Well, first off, it's the jails that are

11:04:21    3    recording all of the conversations, not necessarily the

11:04:23    4    government, but the government has access to them, obviously.

11:04:27    5    What is the situation with jail recordings?

11:04:31    6            MR. GARDNER:  Your Honor, we're prepared to deliver

11:04:34    7    them Friday before trial, the jail recordings.  This also goes to

11:04:38    8    Ms. Zulema Trevino's motion.  I've already checked with the one

11:04:41    9    cooperating witness that we've disclosed, Mr. Jose Carlos

11:04:45   10    Hinojosa.  He was originally incarcerated in McAllen.  The

11:04:48   11    prosecutor down there did not pull the jail calls, and he's been

11:04:51   12    since moved.  And so, those jail calls, to my knowledge, have

11:04:54   13    expired, so they've recorded over them; so those aren't

11:04:57   14    available.

11:04:57   15            I'm attempting to get from the other jurisdictions

11:05:01   16    identified what facilities they're incarcerated in.  So I believe

11:05:05   17    these are Jencks material.  I'm prepared to disclose them Friday

11:05:07   18    before trial if I can get my hands on them.

11:05:09   19            THE COURT:  Will they have translations on them?

11:05:12   20            MR. GARDNER:  Probably not, your Honor.  I'm not sure

11:05:17   21    if Mr. Hinojosa is a Spanish speaker, but I am aware that some of

11:05:21   22    the other cooperator s are Spanish speakers.

11:05:23   23            THE COURT:  Well, then, are you just going to disclose

11:05:32   24    to each defendant, a defendant's own telephone conferences?

11:05:38   25            MR. GARDNER:  Your Honor, I have been doing that to

| 11:05:39 | 1 | some extent.  One of the issues, not that the Court's concerned |
| 11:05:43 | 2 | about it, is the multiple sites these people were arrested.  So I |
| 11:05:47 | 3 | have gotten some of the defendants' jail calls, and I've provided |
| 11:05:49 | 4 | some of those.  I can continue to do so when these come in from |
| 11:05:53 | 5 | California and New Mexico.  I can't recall right now.  I know |
| 11:05:59 | 6 | some of them are in Spanish, and I'll provide those as soon as I |
| 11:06:02 | 7 | can.  I know Mr. Cessa's in Spanish.  His jail calls are in |
| 11:06:05 | 8 | Spanish.  And I know Mr. Farias and Mr. Quintero, I believe, were |
| 11:06:09 | 9 | in English.  So I'll provide the defendants as soon as I get |
| 11:06:12 | 10 | them. |
| 11:06:12 | 11 | THE COURT:  What about since we're in April, the trial, |
| 11:06:19 | 12 | what about giving -- I'm not concerned about the Friday before |
| 11:06:30 | 13 | trial with a translation, but I am concerned with not having |
| 11:06:40 | 14 | them, say, nine days before trial, like the Friday before the |
| 11:06:43 | 15 | Friday for trial, the telephone conversations with the -- that |
| 11:06:53 | 16 | gives, at least, the defendant the opportunity of a week to get |
| 11:06:56 | 17 | translated.  But you're going to give counsel a translation of |
| 11:07:00 | 18 | any telephone call you intend to use. |
| 11:07:03 | 19 | MR. GARDNER:  Absolutely, your Honor.  And my goal on |
| 11:07:04 | 20 | that -- maybe I misspoke -- is if it's a defendant's call, they |
| 11:07:08 | 21 | should get the tran -- they'll get the disc, whether it's Spanish |
| 11:07:11 | 22 | or English.  If I intend to use that, I'll produce a transcript |
| 11:07:14 | 23 | well in advance of nine days of trial. |
| 11:07:16 | 24 | THE COURT:  Okay.  All right.  But let's try to get all |
| 11:07:20 | 25 | of those that you're not going to use in Spanish, say, ten days |

11:07:28  1   before jury selection, and then, they can get -- maybe just their

11:07:33  2   waste of time, but they could get somebody to review it and find

11:07:36  3   out.

11:07:37  4           MR. GARDNER:  And you're speaking with respect to the

11:07:38  5   defendants' jail calls, your Honor?

11:07:40  6           THE COURT:  Yes.  Just the defendants right now.

11:07:41  7           MR. GARDNER:  Yes, sir.  Thank you.  No problem.

11:07:43  8           THE COURT:  Because they're going to have whatever jail

11:07:45  9   calls you intend to use.  They'll have that in translation as

11:07:49  10  well as Spanish.

11:07:50  11          MR. GARDNER:  Yes, sir.

11:07:50  12          THE COURT:  And then, they can examine the Spanish.

11:07:54  13          MR. FINN:  Judge, thank you.  If we've got the

11:07:56  14  transcript the Friday before the Monday trial, that would be

11:08:01  15  ideal.  If they're not going to give us the transcript or the

11:08:06  16  conversations transcribed, if you -- as you've just done, I

11:08:10  17  think, give us seven to ten days for us to go ahead and have

11:08:13  18  somebody transcribe it for us or translate it, that would be

11:08:17  19  ideal.

11:08:17  20          One last housekeeping matter on this point, if I can,

11:08:21  21  Judge.  I've never tried a case before you, but I've asked around

11:08:24  22  and I've been told.

11:08:26  23          THE COURT:  You just missed the opportunity of a

11:08:28  24  lifetime.

11:08:29  25          MR. FINN:  I know.  That's what I've heard.  That you

| | | |
|---|---|---|
| 11:08:33 | 1 | run a tight ship, you don't like surprises, and you don't like |
| 11:08:38 | 2 | people wasting your time, or the jury's time, or a waste of time. |
| 11:08:42 | 3 | So I'm going to ask you, Judge, just to be clear in my mind, if |
| 11:08:50 | 4 | the government calls one of its four or five or six confidential |
| 11:08:54 | 5 | informants and they've told me the name of one of them, if this |
| 11:08:58 | 6 | person has been communicating with the government and making |
| 11:09:01 | 7 | phone calls from jail that have been recorded, I don't want to |
| 11:09:05 | 8 | get that conversation in Spanish, you know, dumped on me the day |
| 11:09:11 | 9 | before trial or during trial.  That's what I'm trying to avoid. |
| 11:09:15 | 10 | So to the extent that -- and Mr. Gardner and I have |
| 11:09:18 | 11 | worked together fine.  There are no issues that I'm aware of |
| 11:09:21 | 12 | between the two of us.  But I'm trying to sort of give you a |
| 11:09:24 | 13 | roadmap as to why -- if you either require them to transcribe it |
| 11:09:29 | 14 | or give it to us in advance, then I won't be wasting your time. |
| 11:09:33 | 15 | THE COURT:  Well, I can assure you, you're not going to |
| 11:09:36 | 16 | waste my time.  My time is cheap.  And secondly, this is my 50th |
| 11:09:41 | 17 | year in the business, I don't think you need to give me any real |
| 11:09:44 | 18 | advice.  Thank you for offering. |
| 11:09:47 | 19 | Okay.  So we've got the transcripts.  Motion to produce |
| 11:09:50 | 20 | witness and exhibit lists. |
| 11:09:53 | 21 | MR. FINN:  Same reason, Judge. |
| 11:09:54 | 22 | THE COURT:  What is the situation there? |
| 11:09:56 | 23 | MR. GARDNER:  Your Honor, the government, as we stated |
| 11:09:58 | 24 | in our response, has no issue with producing an exhibit list 14 |
| 11:10:02 | 25 | days in advance, with the understanding that we would modify or |

11:10:04   1   amend that exhibit list as needed.  So we have no objection to

11:10:08   2   that request.

11:10:09   3              THE COURT:  Well, since they're not entitled to it and

11:10:11   4   they're going to take it because of the open policy that we

11:10:15   5   practice here, which is good, I suspect that will be sufficient.

11:10:19   6   So 14 days.

11:10:20   7              MR. FINN:  That's fine.

11:10:21   8              THE COURT:  To get if we have -- you know, also, I've

11:10:26   9   never been in a case as a lawyer or a judge where there wasn't a

11:10:30   10  few surprises.  If there are a few surprises, we'll handle it.

11:10:34   11  But I know the U.S. Attorney who -- see, you just come in and

11:10:39   12  have a vacation with me and go off across the United States.

11:10:42   13  They have to stay with me all the time, so they listen to the --

11:10:47   14  and abide by their own rules.

11:10:50   15             Fourteen days and if there is a chance, you'll give

11:10:53   16  them immediate notice.

11:10:55   17             MR. GARDNER:  Yes, sir.  On the witness list, your

11:10:57   18  Honor, however, we intend to abide by this court's longstanding

11:10:59   19  practice of providing that the Friday before trial with, as the

11:11:03   20  Court stated, giving them notice of the next day's order.

11:11:07   21             THE COURT:  Yeah.  And I'm not going to order otherwise

11:11:11   22  on that for obvious reasons.  However, you will get that on

11:11:14   23  Monday, anyway, on the jury selection.

11:11:17   24             MR. FINN:  Okay.

11:11:21   25             THE COURT:  Okay.  What do you want me to in camera?

11:11:25  1          MR. FINN:  Judge --

11:11:26  2          THE COURT:  I hope you saw the paperwork I get every

11:11:28  3  day, earlier.

11:11:29  4          MR. FINN:  I did, Judge.  I'll tell you why I'm asking

11:11:32  5  for this.  Earlier this week, in a different federal court, Judge

11:11:36  6  Hittner's court in Houston, we had the sentencing of one of my

11:11:41  7  clients in the Allen Stanford case, and Judge Hittner, on his

11:11:44  8  own, asked the probation department to provide him with their

11:11:49  9  notes regarding an interview with a --

11:11:57  10         (Sound from gallery.)

11:11:57  11         THE COURT:  It's okay.  It's just a baby.

11:11:59  12         MR. FINN:  Okay.  Interview notes in a presentence

11:12:02  13  report of a codefendant witness that he found and I found very

11:12:07  14  enlightening.  It's been my experience that many times, people

11:12:12  15  say certain things in a presentence interview that may not make

11:12:18  16  it into the presentence report, and I've been able to use that

11:12:22  17  successfully in the past when I'm cross-examining witnesses that

11:12:25  18  are trying to leave a false impression with the jury.  So that's

11:12:30  19  why I'm asking for that.

11:12:34  20         THE COURT:  Well, I don't know that I've set any

11:12:38  21  sentencings in this case.

11:12:41  22         MR. GARDNER:  You have not, your Honor.  I believe what

11:12:42  23  Mr. Finn is referring to is the potential cooperating individuals

11:12:47  24  who are facing criminal charges in other districts.

11:12:50  25         MR. FINN:  That's correct.

| | | |
|---|---|---|
| 11:12:51 | 1 | THE COURT:  Okay. |
| 11:12:52 | 2 | MR. GARDNER:  Your Honor, the government has -- will |
| 11:12:54 | 3 | most likely have access to all the presentence reports through |
| 11:12:57 | 4 | the other prosecutors.  And I'm aware of my Brady obligations, |
| 11:13:02 | 5 | and I'll look at those presentence reports or have those other |
| 11:13:05 | 6 | assistant United States attorneys look at them for any Brady or |
| 11:13:09 | 7 | Giglio.  I have not asked -- |
| 11:13:10 | 8 | THE COURT:  If their law is the same as the Western |
| 11:13:12 | 9 | District, you're going to have to have the Judge's permission to |
| 11:13:16 | 10 | look at those.  You'll have to have the U.S. Attorney look at |
| 11:13:21 | 11 | them there and then, give you some reports so you can report it |
| 11:13:24 | 12 | back here and -- |
| 11:13:27 | 13 | MR. FINN:  That's right. |
| 11:13:28 | 14 | THE COURT:  And I don't anticipate that you're going to |
| 11:13:30 | 15 | get a whole lot of cooperation from busy prosecutors in other |
| 11:13:34 | 16 | districts that are busy. |
| 11:13:38 | 17 | MR. GARDNER:  And I know just from pretrial, the |
| 11:13:41 | 18 | probation officer in this division, your Honor, notes that Mr. |
| 11:13:43 | 19 | Finn talks about could include the entire case discovery that |
| 11:13:48 | 20 | that defense attorney was provided.  So I am sure the Court |
| 11:13:52 | 21 | doesn't want to look through discovery of another 56 CD wiretap |
| 11:13:57 | 22 | case that is what Mr. -- |
| 11:13:59 | 23 | MR. FINN:  No, of course not, Judge.  That's not where |
| 11:14:01 | 24 | I'm going with this. |
| 11:14:02 | 25 | THE COURT:  If I could go to France and do it, I'd do |

| | | |
|---|---|---|
| 11:14:04 | 1 | it.  Other than that. |
| 11:14:06 | 2 | MR. FINN:  Or at least Canada. |
| 11:14:08 | 3 | THE COURT:  No.  I don't think so.  Last time I was in |
| 11:14:10 | 4 | Canada, it was 41 below zero, and that's even too cold for |
| 11:14:16 | 5 | presentence reports.  Okay. |
| 11:14:22 | 6 | All right.  If there comes up a problem, then you can |
| 11:14:28 | 7 | do that.  But right now, there's no way for me to do anything |
| 11:14:30 | 8 | that's out of this district.  Plus the fact, probably not even |
| 11:14:34 | 9 | out of the division.  I'm sure I could get any of the judges that |
| 11:14:43 | 10 | work with me in this district's authority to release presentence |
| 11:14:48 | 11 | reports to the U.S. Attorney here in Austin and to -- but, you |
| 11:14:59 | 12 | know, it just depends.  It depends on what's in them because |
| 11:15:02 | 13 | there's some presentence report that no judge in his right mind |
| 11:15:05 | 14 | is going to let anybody else see. |
| 11:15:06 | 15 | MR. FINN:  That's fine, Judge.  And I respect that. |
| 11:15:08 | 16 | And I was in the courtroom for your earlier sentencing and I |
| 11:15:11 | 17 | understand that.  But it's been my experience, because I've done |
| 11:15:16 | 18 | this before, where the government's got a cooperating informant |
| 11:15:19 | 19 | who takes the witness stand, basically lies his you know what |
| 11:15:25 | 20 | off.  I can't prove it unless I've got something in the |
| 11:15:29 | 21 | presentence report that allows me to expose the lie, if you will. |
| 11:15:35 | 22 | So I'm not looking for wiretaps.  I'm not looking -- |
| 11:15:38 | 23 | THE COURT:  Interesting.  Now I've got criminal defense |
| 11:15:42 | 24 | lawyers trying to rely on a presentence report rather than trying |
| 11:15:45 | 25 | to destroy it. |

11:15:46   1          MR. FINN:  That's right.  Exactly, your Honor.  And I'm

11:15:49   2    not saying that I should see it.  I'm not saying I'm entitled to

11:15:52   3    it.  I know it's got privileged information.

11:15:55   4          THE COURT:  Well, let me just say this.  I've not had a

11:15:59   5    case yet, in all of these years, that the U.S. Attorney Office

11:16:03   6    here in Austin has ever had any post-sentencing hearings of any

11:16:09   7    nature or anything on information that could have been used in

11:16:16   8    cross-examination of a witness, whether it be called Brady,

11:16:20   9    whatever it's going to be called.  I don't anticipate a problem.

11:16:23   10   If there's a problem, we will handle it.  And if you've got a

11:16:26   11   specific person, then get with Mr. Gardner and perhaps he can

11:16:34   12   find it.

11:16:35   13          I don't know of anybody who is indicted in this case

11:16:42   14   who's going to be interviewed by any other presentence or

11:16:47   15   probation department.  And since none of them have been set and

11:16:52   16   my probation officers are very busy, I doubt if there's any notes

11:16:57   17   at all, yet, of anybody that's indicted in this case.  Where's my

11:17:02   18   probation officer?

11:17:04   19          PROBATION OFFICER:  She went back to her office.

11:17:06   20          THE COURT:  Yeah.  They know to run when they can.

11:17:09   21          Okay.  Well, I'll keep that in mind.  But at the

11:17:11   22   present time, I don't intend to do presentence notes,

11:17:17   23   transcripts, or plea colloquies unless there comes a reason and,

11:17:23   24   if so, then I will.

11:17:26   25          How about NCIC and TCIC reports?

11:17:31    1          MR. GARDNER:  Your Honor, again, Friday before trial,

11:17:33    2     along with any plea agreements, any proffer letters, any immunity

11:17:39    3     agreements by any of the cooperating witnesses, or any of the

11:17:41    4     witnesses for that matter.

11:17:43    5          MR. FINN:  Judge, before you decide that, with all due

11:17:46    6     respect, that's not good enough.  They've got three or four or

11:17:49    7     five or six confidential informants that are ghosts to me.  I

11:17:56    8     don't know who they are.  I don't know where they've been.  I

11:17:58    9     don't know what they've done.  I can't cross-examine a ghost.

11:18:01   10     And if he drops an FBI background check on me Friday before a

11:18:06   11     Monday trial, how in the world can I go out and dig around in

11:18:12   12     that confidential informant's background and determine whether or

11:18:15   13     not they're credible or not?  Friday before a Monday trial?  Why

11:18:19   14     would they do that?

11:18:21   15          THE COURT:  Well.

11:18:22   16          MR. FINN:  Because they can?

11:18:24   17          THE COURT:  That's what the law says.

11:18:26   18          MR. FINN:  But you've got discretion and you can say, I

11:18:29   19     don't want Finn to stand up in a jury trial and ask for a

11:18:32   20     continuance because he needs three days to go run these traps on

11:18:35   21     these informants.

11:18:36   22          THE COURT:  First twelve years of my practice -- and

11:18:39   23     I've tried an awful lot of lawsuits -- I wasn't even allowed to

11:18:43   24     know who the witnesses would be.  I had to cross-examine them.  I

11:18:45   25     had to say, who is this John Smith they're calling, or whatnot,

| | | |
|---|---|---|
| 11:18:48 | 1 | civil and criminal. |
| 11:18:49 | 2 | MR. FINN:  I bet you didn't like that. |
| 11:18:51 | 3 | THE COURT:  Oh, it made you a pretty good lawyer. |
| 11:18:53 | 4 | MR. FINN:  I bet it did.  But my point is, they can |
| 11:18:57 | 5 | provide this like that, and I cannot access it because I'm not |
| 11:19:01 | 6 | law enforcement.  I'm just asking for a little bit of courtesy. |
| 11:19:09 | 7 | THE COURT:  Sometimes I get them to do it the night |
| 11:19:13 | 8 | before because it helps the trial move along.  Sometimes I get |
| 11:19:18 | 9 | them to do it a Friday.  They have their own reasons why they |
| 11:19:22 | 10 | don't want to show that. |
| 11:19:23 | 11 | MR. FINN:  Not a good reason, Judge. |
| 11:19:25 | 12 | THE COURT:  Oh, yes.  Death of a person can be a good |
| 11:19:29 | 13 | reason.  Unavailability of a witness can be a good reason.  I |
| 11:19:32 | 14 | don't know what their reasons are.  But I do know that Mr. |
| 11:19:36 | 15 | Gardner will get it to you on Friday before, and if he can get |
| 11:19:43 | 16 | them before then, I will want him to do it. |
| 11:19:46 | 17 | MR. FINN:  Okay. |
| 11:19:47 | 18 | THE COURT:  But I'm not going to order him because I'd |
| 11:19:49 | 19 | have to go through each one of those and see if there's a special |
| 11:19:52 | 20 | reason, and that's none of my business right now. |
| 11:19:55 | 21 | MR. FINN:  Okay. |
| 11:19:56 | 22 | THE COURT:  When the evidence comes in -- now he knows, |
| 11:19:58 | 23 | also, I don't want to take much of a break in the trial and if |
| 11:20:04 | 24 | you have to stay there and say, I need 20 minutes, or 30 minutes, |
| 11:20:07 | 25 | or whatnot, you know, I have to give it to you, just like I have |

| 11:20:12 | 1 | to give him the benefit of the law.  After a couple of gifts like |

1  to give him the benefit of the law.  After a couple of gifts like

2  that, though, my comment to the jury that you're a slow reader or

3  something.

4          MR. FINN:  Which is true.  I am a slow reader.

5          THE COURT:  Well, that's third is the most important

6  not to speak.

7          All right.  So if you're convinced, Mr. Gardner, that

8  there's no handicap, or danger, or anything, on that basis, I

9  will appreciate your getting those to counsel before Friday, but

10  I'm not going to order it before Friday.

11          MR. GARDNER:  I can represent to the Court that for the

12  one I have identified, as soon as I get a hold of that

13  information, it's the plea agreement -- well, they can request a

14  plea transcript or sentencing transcript.  I've given them the

15  name, the cause number.  But with respect to NCIC, TCIC and plea

16  agreement, I'll provide those as soon as I can get them, your

17  Honor.

18          THE COURT:  All right.

19          MR. FINN:  Thank you, Judge.

20          THE COURT:  Yes, sir.

21          MR. FINN:  And can I just build on one thing?  I need

22  to know who these informants are in advance of trial so I could

23  be prepared to cross-examine them.  And I need your help, Judge.

24  I'm asking for your help.  I need to know who these people are so

25  that I can do my job.

| | | |
|---|---|---|
| 11:21:39 | 1 | THE COURT:  Well, all I can do is give you two days to |
| 11:21:44 | 2 | prepare, and then, each night, you'll know who's going to testify |
| 11:21:51 | 3 | the next day.  If you can represent all these big people like |
| 11:21:57 | 4 | Stanford and codefendants, then I believe you can handle it.  And |
| 11:22:01 | 5 | it's not my job to help you.  It's my job to preside over a trial |
| 11:22:05 | 6 | and make sure it's a fair trial, and I will do that. |
| 11:22:09 | 7 | MR. FINN:  Okay. |
| 11:22:10 | 8 | THE COURT:  All right.  Now, you also filed another |
| 11:22:13 | 9 | motion for transcripts last night.  What is that about? |
| 11:22:17 | 10 | MR. FINN:  Judge -- |
| 11:22:18 | 11 | THE COURT:  I haven't seen it. |
| 11:22:19 | 12 | MR. FINN:  I shared this information with Mr. Gardner, |
| 11:22:22 | 13 | but we filed it -- I made a mistake.  We filed it with the wrong |
| 11:22:26 | 14 | heading on it.  So. |
| 11:22:27 | 15 | THE COURT:  Just a duplication? |
| 11:22:29 | 16 | MR. FINN:  Yes, sir.  Yeah. |
| 11:22:30 | 17 | THE COURT:  Okay.  That's no problem. |
| 11:22:31 | 18 | MR. FINN:  And, Judge, can I -- because I know you |
| 11:22:33 | 19 | don't like surprises.  I don't know, maybe you do.  You said -- |
| 11:22:38 | 20 | THE COURT:  At my age, surprise sometimes is good. |
| 11:22:41 | 21 | MR. FINN:  Well, I'm trying to make it a pleasant |
| 11:22:43 | 22 | surprise and avoid the unpleasant surprises.  There's an issue |
| 11:22:47 | 23 | that I spoke with the government about.  I walked over this |
| 11:22:49 | 24 | morning with Mr. Gardner.  And he and I have worked well |
| 11:22:53 | 25 | together.  There are no issues in terms of communication.  He's |

| | | |
|---|---|---|
| 11:22:56 | 1 | been very, very professional. |
| 11:22:59 | 2 | THE COURT:  I think you'll find that across the board. |
| 11:23:02 | 3 | MR. FINN:  Okay.  Well, that's my experience with him, |
| 11:23:04 | 4 | anyway.  In some cases, I have to file or the judges want me to |
| 11:23:10 | 5 | file Bruton motions in advance of trial, and other judges say, |
| 11:23:15 | 6 | no, Finn, that's an evidentiary issue, just raise it during |
| 11:23:18 | 7 | trial. |
| 11:23:20 | 8 | I anticipate that there will be a Bruton issue.  Mr. |
| 11:23:22 | 9 | Gardner knows about it.  We've discussed it.  I've showed him the |
| 11:23:26 | 10 | motion that I haven't yet filed, and it relates to a hard drive |
| 11:23:29 | 11 | computer belonging to my client's daughter, who's a defendant now |
| 11:23:34 | 12 | who's in the courtroom.  And I think the government's going to |
| 11:23:36 | 13 | try to use some of that information in our joint trial against my |
| 11:23:43 | 14 | client.  And obviously if she doesn't testify, it creates a |
| 11:23:46 | 15 | confrontation clause issue.  I can't cross-examine a defendant, |
| 11:23:50 | 16 | et cetera, et cetera. |
| 11:23:51 | 17 | So I just wanted you to know that that's coming and ask |
| 11:23:54 | 18 | you, do you want me to file the Bruton motion or just wait till |
| 11:23:57 | 19 | trial? |
| 11:23:58 | 20 | THE COURT:  Well, you know, if Bruton comes up in my |
| 11:24:02 | 21 | crystal ball here, you don't have to file it. |
| 11:24:04 | 22 | MR. FINN:  It will come up. |
| 11:24:05 | 23 | THE COURT:  Well, I would file it if I were you. |
| 11:24:09 | 24 | MR. FINN:  Okay.  That's what I'll do. |
| 11:24:10 | 25 | THE COURT:  I can't rule on an oral motion.  The only |

| | | |
|---|---|---|
| 11:24:12 | 1 | person was Judge Eddie Berliner (phonetic), and he was a great |
| 11:24:16 | 2 | Judge in West Texas and he always said, I make oral rulings on |
| 11:24:21 | 3 | oral motions. |
| 11:24:22 | 4 | MR. FINN:  Okay.  I got you loud and clear.  I'll file |
| 11:24:25 | 5 | it today. |
| 11:24:25 | 6 | THE COURT:  You can file Bruton, even though you're way |
| 11:24:28 | 7 | late, but I'll rule on it one way or the other. |
| 11:24:30 | 8 | MR. FINN:  Okay.  Judge, I've just got one last thing |
| 11:24:32 | 9 | if it's okay with you.  I'm asking for permission. |
| 11:24:36 | 10 | THE COURT:  Sure.  That's why I ask y'all here. |
| 11:24:40 | 11 | MR. FINN:  I've got another trial set, federal case in |
| 11:24:43 | 12 | the Eastern District of Texas before Judge Crone.  I thought we |
| 11:24:46 | 13 | were going to work it out, but it's starting to look like a trial |
| 11:24:49 | 14 | and it's -- if it goes, it will probably last three to four |
| 11:24:53 | 15 | weeks.  It's a -- almost a billion-dollar oil and gas case with |
| 11:24:58 | 16 | several defendants. |
| 11:25:02 | 17 | I'm looking for your guidance because -- |
| 11:25:06 | 18 | THE COURT:  My guidance is we're starting after months |
| 11:25:10 | 19 | of negotiations with all of you to get a date that everybody |
| 11:25:15 | 20 | could get.  And everybody wasn't happy with this, but nobody |
| 11:25:18 | 21 | could cut their wrists and let all their blood out to avoid it. |
| 11:25:27 | 22 | So it's starting on the 15th.  If you're not here, your client |
| 11:25:30 | 23 | better have a lawyer here. |
| 11:25:32 | 24 | MR. FINN:  Okay.  Can I ask you, Judge, would you be |
| 11:25:34 | 25 | okay if Judge Crone called you? |

| | | |
|---|---|---|
| 11:25:36 | 1 | THE COURT:  Sure. |
| 11:25:37 | 2 | MR. FINN:  Okay. |
| 11:25:38 | 3 | THE COURT:  Sure.  Judges call me all the time.  I've |
| 11:25:40 | 4 | worked with Travis County judges all the time and we work it out. |
| 11:25:43 | 5 | I rarely have to use my muscle, but I'll use my muscle on this |
| 11:25:46 | 6 | trial, of course. |
| 11:25:47 | 7 | MR. FINN:  Okay.  Thank you, Judge. |
| 11:25:48 | 8 | THE COURT:  Yes, sir. |
| 11:25:53 | 9 | Okay.  We go to Zulema Trevino and do you have any |
| 11:26:01 | 10 | discovery problems now? |
| 11:26:03 | 11 | MR. REYES:  Good morning, your Honor.  Gabriel Reyes. |
| 11:26:05 | 12 | I'm here for Ms. Zulema Trevino.  And co-counsel Clint Broden |
| 11:26:09 | 13 | filed this motion to compel.  I believe there's been some |
| 11:26:12 | 14 | misunderstanding.  Mr. Broden thought there was a standing order |
| 11:26:16 | 15 | of discovery that applied and the government had 20 days to |
| 11:26:19 | 16 | produce certain documents.  I'm learning here today there's a |
| 11:26:22 | 17 | certain tradition observed here in Austin that don't make that |
| 11:26:27 | 18 | standing order applicable. |
| 11:26:30 | 19 | I think Mr. Finn has covered these issues.  And if I've |
| 11:26:34 | 20 | heard correctly, I think the Court has made its rulings. |
| 11:26:39 | 21 | However, I think it's still my duty to stand up and say that |
| 11:26:43 | 22 | we're concerned that if these Giglio materials get produced |
| 11:26:47 | 23 | Friday before trial and the FBI rap sheets get produced the |
| 11:26:54 | 24 | Friday before trial, we're not going to be able to make effective |
| 11:26:56 | 25 | use of these materials.  And I think that could raise some Brady |

| | | |
|---|---|---|
| 11:26:59 | 1 | violations and we're just -- I guess I'll beg a bit harder than |
| 11:27:04 | 2 | Mr. Finn. |
| 11:27:05 | 3 | THE COURT: How long is it going to take you to go |
| 11:27:09 | 4 | through an FBI whatever it is and select something for |
| 11:27:16 | 5 | cross-examination? Thirty minutes? |
| 11:27:23 | 6 | MR. REYES: Well, given the geographical -- |
| 11:27:25 | 7 | THE COURT: Do you read slow? Don't give me this. I'm |
| 11:27:30 | 8 | going to get you that material. I've got some discretion and |
| 11:27:34 | 9 | they have to -- the U.S. Attorney's Office has to come into my |
| 11:27:37 | 10 | courtroom all the time. So they certainly understand that I want |
| 11:27:41 | 11 | an open trial, and they're going to get that stuff to you. Now, |
| 11:27:46 | 12 | the fact that you may have to work the weekend before trial is |
| 11:27:49 | 13 | tough. I'll be down here, I'll be working, and I'm not getting |
| 11:27:53 | 14 | paid for it. So I'll get you the materials before so that you |
| 11:27:59 | 15 | should have enough time to cross-examine any of the witnesses of |
| 11:28:06 | 16 | the government. |
| 11:28:06 | 17 | That's the deal I made in 1991. Wasn't very popular |
| 11:28:11 | 18 | then. Everybody had to file motions, nine motions, ten motions. |
| 11:28:15 | 19 | And I have a scheduling order as far as pretty open discovery, |
| 11:28:20 | 20 | unless there have been a few cases where the government has filed |
| 11:28:22 | 21 | a notice that they do not have open discovery. But you're going |
| 11:28:30 | 22 | to have all of the -- you're going to get the discs in advance, |
| 11:28:37 | 23 | 14 days? |
| 11:28:38 | 24 | MR. GARDNER: Probably sooner than that, your Honor. |
| 11:28:39 | 25 | THE COURT: You've already got some discs, I will |

| | | |
|---|---|---|
| 11:28:42 | 1 | guess.  The government gives them as they can.  They have |
| 11:28:47 | 2 | probably -- you know, I have cases right now that come up to |
| 11:28:51 | 3 | trial and I have to postpone them a week because the government |
| 11:28:55 | 4 | can't even get lab reports on the verification that they're |
| 11:29:01 | 5 | dealing with cocaine, or methamphetamine, or whatnot.  It's just |
| 11:29:08 | 6 | a busy time right now.  And the government, just like the courts, |
| 11:29:12 | 7 | are limited in cash.  Congress is not very generous right now. |
| 11:29:19 | 8 | So you're going to get your reports.  Is there anything |
| 11:29:22 | 9 | specific that you want that you feel compelled to say in your |
| 11:29:26 | 10 | motion to compel? |
| 11:29:27 | 11 | MR. REYES:  Well, I believe Mr. Broden laid out the PSR |
| 11:29:31 | 12 | reports, which I believe even the Court has acknowledged could |
| 11:29:37 | 13 | present some difficulties for the government.  We're looking for |
| 11:29:39 | 14 | prior judgments in the United States and in Mexico.  The |
| 11:29:44 | 15 | allegations here cover a broad geographical scope. |
| 11:29:46 | 16 | THE COURT:  Judgments in Mexico? |
| 11:29:50 | 17 | MR. REYES:  That would go to the reliability of the |
| 11:29:52 | 18 | witnesses in cross-examination. |
| 11:29:55 | 19 | THE COURT:  It's a new one on me.  You've got any |
| 11:29:58 | 20 | judgments in Mexico? |
| 11:30:01 | 21 | MR. GARDNER:  I wish I had that power, your Honor.  I |
| 11:30:03 | 22 | would probably resolve this case. |
| 11:30:04 | 23 | THE COURT:  If you acquire the power, would you please |
| 11:30:06 | 24 | call this gentleman's associate and -- |
| 11:30:08 | 25 | MR. GARDNER:  I will, your Honor. |

| | | |
|---|---|---|
| 11:30:08 | 1 | THE COURT:  Thank you. |
| 11:30:11 | 2 | MR. REYES:  A criminal here is a criminal there.  But. |
| 11:30:14 | 3 | THE COURT:  I'm not going to kill the messenger.  Go |
| 11:30:16 | 4 | ahead. |

        THE COURT:  Thank you.

        MR. REYES:  A criminal here is a criminal there.  But.

        THE COURT:  I'm not going to kill the messenger.  Go
ahead.

        MR. REYES:  The tape-recorded conversations, I believe
that issue's been addressed.  A-files, I'm not sure that issue
has been addressed.

        MR. GARDNER:  Mr. Finn has put that in one of his
motions, your Honor.  I believe I'm going to disclose any -- I
don't know about the A-file, but any promises with respect to
immigration I'll disclose as part of the Giglio material, Friday
before trial.

        MR. REYES:  And just the government has rightly noted
we have access to trial transcripts and plea colloquies, and we
can order those transcripts.  It's hard to do that type of
business on a Friday afternoon when the government shuts down for
the weekend, and we're not sure how we'd be able --

        THE COURT:  What trial transcripts are you talking
about?

        MR. REYES:  For --

        THE COURT:  Transcripts of rearraignments?

        MR. REYES:  Exactly.

        THE COURT:  Well, those court reporters love the
lawyers who order them.

        MR. GARDNER:  Your Honor, I'm sorry --

| | | |
|---|---|---|
| 11:31:12 | 1 | THE COURT:  You've got the date of them.  If the |
| 11:31:14 | 2 | government has them, I don't have any objection, of course, the |
| 11:31:17 | 3 | government giving you copies.  But. |
| 11:31:19 | 4 | MR. GARDNER:  I don't have -- what I believe the |
| 11:31:21 | 5 | misunderstanding is is I've identified the one cooperator and the |
| 11:31:25 | 6 | cause number, and they can go and order the transcripts today if |
| 11:31:28 | 7 | they want to order them today. |
| 11:31:32 | 8 | THE COURT:  And you divide those up, you could do one |
| 11:31:35 | 9 | and everybody can get a copy, and another one can do another one |
| 11:31:38 | 10 | and get a copy.  And if they're filed the day the court reporter |
| 11:31:44 | 11 | certifies it, then they're available anywhere, unless they're |
| 11:31:48 | 12 | sealed.  And if they're sealed, then you have to get the |
| 11:31:52 | 13 | government to file a motion to unseal it. |
| 11:31:56 | 14 | MR. REYES:  So is the government saying there's only |
| 11:31:58 | 15 | one cooperator in the case? |
| 11:32:00 | 16 | THE COURT:  I couldn't hear that. |
| 11:32:01 | 17 | MR. REYES:  Is the government saying there's only one |
| 11:32:03 | 18 | cooperator in the case? |
| 11:32:04 | 19 | THE COURT:  There's only one cooperator he's |
| 11:32:06 | 20 | identified, as I understand it. |
| 11:32:07 | 21 | MR. REYES:  Okay.  No other cooperators will show up at |
| 11:32:09 | 22 | trial to testify. |
| 11:32:10 | 23 | THE COURT:  Do you understand English? |
| 11:32:13 | 24 | MR. REYES:  I do. |
| 11:32:14 | 25 | THE COURT:  There's only been one identified today.  He |

| | | |
|---|---|---|
| 11:32:19 | 1 | may identify others up until Friday before trial. |
| 11:32:25 | 2 | MR. REYES:  And those are the ones we're concerned |
| 11:32:27 | 3 | about, your Honor. |
| 11:32:28 | 4 | THE COURT:  Okay.  All right. |
| 11:32:31 | 5 | MR. REYES:  But I believe the Court has made its |
| 11:32:33 | 6 | rulings and -- |
| 11:32:34 | 7 | THE COURT:  I'll make them in writing, too. |
| 11:32:37 | 8 | MR. REYES:  Thank you, your Honor. |
| 11:32:43 | 9 | THE COURT:  Okay.  Then we have Colorado-Cessa and the |
| 11:32:48 | 10 | depositions in Mexico. |
| 11:32:55 | 11 | MR. DEGEURIN:  Yes, your Honor.  We're requesting that |
| 11:32:58 | 12 | you authorize depositions so that we could go down and take the |
| 11:33:06 | 13 | witnesses' depositions in Mexico. |
| 11:33:07 | 14 | THE COURT:  Why can't they come up here? |
| 11:33:10 | 15 | MR. DEGEURIN:  Because we can't make them come up here. |
| 11:33:14 | 16 | THE COURT:  You can't make them give depositions in |
| 11:33:18 | 17 | Mexico. |
| 11:33:19 | 18 | MR. DEGEURIN:  But they're willing to give -- at least |
| 11:33:22 | 19 | two. |
| 11:33:22 | 20 | THE COURT:  I've read your proffer and I've read the |
| 11:33:25 | 21 | government's response, and I don't see that they're material in |
| 11:33:29 | 22 | any way, shape or form.  The government's already acceded the |
| 11:33:34 | 23 | fact that if you want to take depositions, they will allow these |
| 11:33:38 | 24 | people to come over here where they will be sworn by appropriate |
| 11:33:42 | 25 | authority and give a deposition.  Then if they don't come back, |

| | | |
|---|---|---|
| 11:33:46 | 1 | you will have that.  But I'm not going to order any depositions |
| 11:33:51 | 2 | in Mexico.  I lived on the border long enough to know that that's |
| 11:33:55 | 3 | not going to happen.  I did make motions many times in federal |
| 11:33:59 | 4 | court, by the way, for depositions in Mexico.  Never won one. |
| 11:34:06 | 5 | MR. DEGEURIN:  I realize the risk in this, but may I |
| 11:34:11 | 6 | weigh in on your preliminary decision? |
| 11:34:14 | 7 | THE COURT:  You wanted to get witnesses who were going |
| 11:34:19 | 8 | to testify as to this alleged trouble on Mr. Cessa's ranch?  So. |
| 11:34:32 | 9 | MR. DEGEURIN:  Well, let me look at what's not in the |
| 11:34:35 | 10 | motion -- you've read the motions, you've read the response, so |
| 11:34:38 | 11 | I'm not going to spend time on that.  However, the government |
| 11:34:44 | 12 | takes the position that whatever happened on that ranch -- and |
| 11:34:50 | 13 | it's misinformation, I believe, that the agent was given.  But if |
| 11:34:56 | 14 | they're going to -- they say -- the government takes the position |
| 11:35:00 | 15 | and I happen to agree with this, that that information about this |
| 11:35:06 | 16 | incident that happened where some Zetas were arrested after being |
| 11:35:13 | 17 | chased by -- |
| 11:35:15 | 18 | THE COURT:  Some sort of chase. |
| 11:35:16 | 19 | MR. DEGEURIN:  Yeah, yeah.  If they say that's |
| 11:35:18 | 20 | collateral and I believe they use the word "immaterial" and |
| 11:35:22 | 21 | "irrelevant" to the trial, then they should not bring it to the |
| 11:35:29 | 22 | trial, and we won't have to go down and take depositions of the |
| 11:35:31 | 23 | people that were actually present.  And so -- |
| 11:35:36 | 24 | THE COURT:  How is the government going to get it into |
| 11:35:38 | 25 | evidence if they don't bring people? |

| | |
|---|---|
| 11:35:42 | 1 |
| 11:35:45 | 2 |
| 11:35:47 | 3 |
| 11:35:49 | 4 |
| 11:35:51 | 5 |
| 11:35:55 | 6 |
| 11:35:57 | 7 |
| 11:35:59 | 8 |
| 11:36:03 | 9 |
| 11:36:09 | 10 |
| 11:36:13 | 11 |
| 11:36:18 | 12 |
| 11:36:21 | 13 |
| 11:36:22 | 14 |
| 11:36:23 | 15 |
| 11:36:25 | 16 |
| 11:36:30 | 17 |
| 11:36:34 | 18 |
| 11:36:41 | 19 |
| 11:36:45 | 20 |
| 11:36:49 | 21 |
| 11:36:51 | 22 |
| 11:36:56 | 23 |
| 11:36:59 | 24 |
| 11:37:04 | 25 |

MR. DEGEURIN:  Well, I don't know.

MR. GARDNER:  We've requested certain individuals. One, at least, we believe will testify that they were on the ranch and the Zetas were on the ranch when they conducted the raid.  It wasn't some drive-by.  Is that what you call it? Drive-by?  Drive-in?

MR. DEGEURIN:  Well, neither you and I really know what happened.  But there are some witnesses down there that do and that's what I -- you know, your Honor, allowing the depositions doesn't mean it's going to end up being in court.  You've tried both civil and criminal cases.  You know that.  But if we're denied even the opportunity to take the deposition.

THE COURT:  You're not.

MR. DEGEURIN:  Well.

THE COURT:  All you have to do -- the government will fix it up -- you could have them go to El Paso, be deposed, or Laredo.  The government will depose them under the Federal Rules of Criminal Procedure.  I'll authorize the order.  But it smells too fishy to me if you can't get them to come over here and give a deposition.  If they're willing to give a deposition in Mexico, sworn testimony is sworn testimony.

Now, if they're afraid of coming up over here and giving a deposition and going home, that's no more fearful than giving a deposition at home and coming up here.  I'll allow you that.  Which is more than I ever got in 30 years of trying

| | | |
|---|---|---|
| 11:37:08 | 1 | lawsuits to take foreign depositions, except in civil cases where |
| 11:37:14 | 2 | I got special orders or I went through the ambassadors. |
| 11:37:21 | 3 | MR. DEGEURIN:  It's going to be safe.  I mean, we can |
| 11:37:23 | 4 | do it at the embassy, the prosecutor can be there and -- |
| 11:37:25 | 5 | THE COURT:  That's going to be my ruling, Mr. DeGeurin. |
| 11:37:30 | 6 | MR. DEGEURIN:  All right.  Now, if there was a |
| 11:37:33 | 7 | suggestion that the government could get a parole, I believe they |
| 11:37:36 | 8 | call it. |
| 11:37:37 | 9 | THE COURT:  A what? |
| 11:37:38 | 10 | MR. DEGEURIN:  A parole.  They can parole a man for |
| 11:37:40 | 11 | this.  If there's difficulty with that, can I reconsider it? |
| 11:37:43 | 12 | THE COURT:  Sure.  You do that all the time.  The |
| 11:37:48 | 13 | government can facilitate with the folks at the border to bring |
| 11:37:52 | 14 | them into a city.  You can do it in Laredo.  You could do it in |
| 11:37:58 | 15 | El Paso.  Probably do it at Brownsville.  Come in for the day, |
| 11:38:03 | 16 | leave during that night.  It can be in custody and come in, give |
| 11:38:09 | 17 | the deposition and go back.  It happens the same thing when |
| 11:38:15 | 18 | people get sick or family members, the government can go to the |
| 11:38:18 | 19 | border and you can get permission for 72 hours, or that type of |
| 11:38:22 | 20 | thing.  In the government's response, they are willing to do |
| 11:38:26 | 21 | that. |
| 11:38:27 | 22 | MR. DEGEURIN:  I saw that, but if there's a difficulty |
| 11:38:29 | 23 | there, can I revisit this with the Court? |
| 11:38:31 | 24 | THE COURT:  You can. |
| 11:38:32 | 25 | MR. DEGEURIN:  I'm trying to do it -- |

| | | |
|---|---|---|
| 11:38:33 | 1 | THE COURT:  I put deadlines to try to keep the lawyers |
| 11:38:35 | 2 | from inundating us all with paper.  Looks like we've worked out |
| 11:38:40 | 3 | pretty much everything that's in a short period of time.  But |
| 11:38:45 | 4 | I've never denied any motions that are filed.  I'll rule on them |
| 11:38:49 | 5 | on the merits when and if it's necessary.  So the answer is at |
| 11:38:57 | 6 | any time you want to file something, you have the right and I |
| 11:39:00 | 7 | will accommodate it. |
| 11:39:03 | 8 | MR. DEGEURIN:  That's all I have, Judge. |
| 11:39:09 | 9 | MR. ESPER:  Your Honor, may I approach? |
| 11:39:10 | 10 | THE COURT:  You may. |
| 11:39:12 | 11 | MR. ESPER:  Your Honor, Richard Esper on behalf of Mr. |
| 11:39:14 | 12 | Huitron, your Honor.  Good morning. |
| 11:39:16 | 13 | THE COURT:  Good morning. |
| 11:39:17 | 14 | MR. ESPER:  There was a matter that was bought up with |
| 11:39:18 | 15 | respect to jail calls.  My client is not in jail, but obviously |
| 11:39:21 | 16 | other defendants are.  And so, I'm having a concern about |
| 11:39:26 | 17 | conversations that the jail is recording, turning over to the |
| 11:39:29 | 18 | government which they intend to possibly introduce against that |
| 11:39:33 | 19 | particular defendant.  I just want to be able to have leave of |
| 11:39:36 | 20 | court to file a possible Bruton motion if, in the course of that |
| 11:39:40 | 21 | conversation, Defendant A is saying something about my client, |
| 11:39:44 | 22 | which, of course, creates Bruton.  They're not coconspirator |
| 11:39:48 | 23 | statements because it's post-conspiracy.  And I just want to have |
| 11:39:51 | 24 | leave of court to be able to file such a -- |
| 11:39:53 | 25 | THE COURT:  How do you know they're not coconspirators? |

11:39:56   1          MR. ESPER:  Because the conspiracy is terminated and
11:39:58   2   now they're -- these are jail -- these are calls from the jail.
11:40:02   3          THE COURT:  I don't know what the future holds.
11:40:10   4          MR. ESPER:  Well, I just want to be able to have leave
11:40:11   5   of court.
11:40:12   6          THE COURT:  Texas may have a good football team next
11:40:14   7   year, doubt it, but they might.
11:40:17   8          MR. ESPER:  Your Honor, I've seen too many times where
11:40:19   9   these jail calls, an individual is making reference to another
11:40:21  10   codefendant.
11:40:22  11          THE COURT:  You give me something specific, I'll make a
11:40:24  12   ruling on it.
11:40:25  13          MR. ESPER:  Okay.  I just wanted to alert the Court to
11:40:28  14   that if it occurs.
11:40:29  15          THE COURT:  There's always a Bruton motion or two in
11:40:31  16   conspiracy cases.  And you know how liberal the circuit is on it.
11:40:41  17          MR. ESPER:  I do, your Honor.  Thank you.
11:40:43  18          MR. GARDNER:  Your Honor, may I approach the bench with
11:40:45  19   Mr. Mario Flores?
11:40:47  20          THE COURT:  You may.
11:40:56  21          (At the bench, off the record.)
11:41:45  22          MR. GARDNER:  Your Honor, the only other issue I
11:41:47  23   have --
11:41:47  24          THE COURT:  It's a lot better to go afterwards.
11:41:50  25          MR. GARDNER:  Yes, your Honor.

| | | |
|---|---|---|
| 11:41:50 | 1 | Your Honor, the only other housekeeping matter I have |
| 11:41:52 | 2 | is as defense counsel are aware, and I would echo Mr. Finn, I |
| 11:41:57 | 3 | haven't had any issues with any of them, there are substantial |
| 11:41:59 | 4 | number of documents.  As I put in one of my responses, we're |
| 11:42:02 | 5 | attempting to narrow that down to our trial documents.  Obviously |
| 11:42:06 | 6 | all the attorneys, as I've put in all my discovery letters, have |
| 11:42:09 | 7 | had the opportunity to visit me anytime and look at the things. |
| 11:42:11 | 8 | But I am going to ask the Court or just inform the Court that I'm |
| 11:42:16 | 9 | going to need their assistance with the business record |
| 11:42:17 | 10 | affidavits so that we can make that part of the trial smooth up |
| 11:42:21 | 11 | front. |
| 11:42:21 | 12 | So I just want to make sure that since I have them all |
| 11:42:24 | 13 | here together to let the Court know that's the way we're working |
| 11:42:28 | 14 | to make it go as smooth as possible. |
| 11:42:29 | 15 | THE COURT:  Generally in the Western District, for |
| 11:42:31 | 16 | counsel who practice outside the western district, that is a |
| 11:42:38 | 17 | tendency that we try to do.  As you know, the Western District |
| 11:42:43 | 18 | has more criminal and civil cases than any district in the United |
| 11:42:47 | 19 | States, period, and we're still two judges short for four years. |
| 11:42:57 | 20 | And Austin has the heaviest-weighted docket in the nation by far. |
| 11:43:03 | 21 | So I do ask the lawyers, both civilly as well as on criminal |
| 11:43:08 | 22 | cases, to cooperate with each other to give us enough time. |
| 11:43:12 | 23 | Right now, with this brand-new building, I'm hopeful |
| 11:43:16 | 24 | since we get three extra courtrooms that we can bring in some |
| 11:43:22 | 25 | senior judges and assist us with the docket.  But right now, |

| | |
|---|---|
| 11:43:29 | 1 |

11:43:29  1  we're not sure we have the money to do it.  For years and years,

11:43:35  2  we didn't have the facilities and had the money.  Now we have the

11:43:39  3  facilities and don't have the money.  That's the way the

11:43:41  4  government works sometimes.  But I do encourage you if there is

11:43:45  5  an issue -- you don't have many, but if you get the materials and

11:43:51  6  you look at the affidavits, that I encourage you to make the

11:43:58  7  agreements so that we get through the evidence as nicely as we

11:44:01  8  can.  But I don't want to make you.  You want to make the

11:44:05  9  objections and look real good in front of the jury, you can.

11:44:08  10       MR. GARDNER:  And the government understands our

11:44:09  11  obligation to identify those trial documents before we engage

11:44:14  12  with counsel on the affidavits.

11:44:16  13       THE COURT:  You know, this case has been put off a way

11:44:19  14  long time, and it's, you know, been hard on some of the

11:44:24  15  defendants who are in custody, of course.  But it's their lawyers

11:44:27  16  who put it off because these are busy lawyers.  They have all of

11:44:31  17  these important cases.  And I've tried my best to get it on, but

11:44:38  18  I don't like the fact that it was put off as long as it was, but

11:44:41  19  we still have a lot of time.

11:44:43  20       So I will ask the government to get the materials,

11:44:47  21  unless there is a real reason that you can't disclose somebody

11:44:50  22  until the last minute, to try to get these materials to the

11:44:52  23  lawyers earlier, if possible.  Because it looks like how many are

11:44:57  24  we going to go to trial?  Six?  Seven?

11:45:02  25       MR. GARDNER:  Undetermined at this point, your Honor.

| | | |
|---|---|---|
| 11:45:03 | 1 | THE COURT:  Yeah, I know. |
| 11:45:05 | 2 | MR. GARDNER:  Yes, sir.  Thank you, sir. |
| 11:45:07 | 3 | THE COURT:  Okay.  Now, sir. |
| 11:45:14 | 4 | MR. IVY:  Your Honor, as you know, my client was not |
| 11:45:15 | 5 | indicted until December.  I was not on the case. |
| 11:45:19 | 6 | THE COURT:  Of what year? |
| 11:45:21 | 7 | MR. IVY:  Last year, Judge.  Little over a month ago. |
| 11:45:25 | 8 | I was -- made my first appearance in the case.  I was handed a |
| 11:45:31 | 9 | large volume of discovery material after the first of this year, |
| 11:45:34 | 10 | about 15 works days ago.  I've spent a couple of full days |
| 11:45:38 | 11 | looking at it, and I haven't dented it.  I know that there has |
| 11:45:46 | 12 | been -- some other defense counsel have mentioned to me that |
| 11:45:48 | 13 | there is a transcript of a e-mail, I believe, that the government |
| 11:45:55 | 14 | is going to intend to introduce against my client.  I think it |
| 11:46:00 | 15 | was mentioned today by Mr. -- |
| 11:46:03 | 16 | THE COURT:  A transcript of an e-mail. |
| 11:46:06 | 17 | MR. IVY:  Yes, your Honor. |
| 11:46:07 | 18 | THE COURT:  Okay.  In an e-mail. |
| 11:46:12 | 19 | MR. IVY:  Yes, your Honor. |
| 11:46:12 | 20 | THE COURT:  And inside it, there's a transcript? |
| 11:46:15 | 21 | MR. IVY:  No, no.  They've transcribed it.  I'm sorry, |
| 11:46:17 | 22 | Judge. |
| 11:46:17 | 23 | THE COURT:  Okay, sir. |
| 11:46:19 | 24 | MR. IVY:  Spoken badly. |
| 11:46:20 | 25 | THE COURT:  That's all right. |

| | | |
|---|---|---|
| 11:46:21 | 1 | MR. IVY:  If that's true, we may want to challenge the |
| 11:46:24 | 2 | search.  I don't know how it occurred, I don't know enough about |
| 11:46:28 | 3 | it to say anything.  I tried to use diligence to get there, and |
| 11:46:32 | 4 | I'm not there, Judge.  And I want to let you know.  I also wanted |
| 11:46:35 | 5 | to make the Court informed about the possibility that, perish the |
| 11:46:41 | 6 | thought, I may be well filing a motion for continuance on behalf |
| 11:46:45 | 7 | of my client. |
| 11:46:45 | 8 | THE COURT:  It's America; you can file it.  I'll deny |
| 11:46:45 | 9 | it. |
| 11:46:51 | 10 | MR. IVY:  She's going to have -- |
| 11:46:51 | 11 | THE COURT:  Well, okay.  She's going to have a baby? |
| 11:46:53 | 12 | Is that the deal? |
| 11:46:55 | 13 | MR. IVY:  Within 30 days the time the trial is set, |
| 11:46:58 | 14 | Judge. |
| 11:46:58 | 15 | THE COURT:  Well, I can't foresee the future.  So we'll |
| 11:47:02 | 16 | just have to play it by ear.  And there's not a thing I can do |
| 11:47:08 | 17 | about it. |
| 11:47:09 | 18 | MR. IVY:  I don't have any evidence to present to the |
| 11:47:11 | 19 | Court, yet, or I would have already filed the motion, but as soon |
| 11:47:14 | 20 | as I get some evidence from her doctor, I'll be filing that |
| 11:47:16 | 21 | motion.  And I understand what the Court's going to do, but I |
| 11:47:20 | 22 | still am going to file the motion. |
| 11:47:21 | 23 | THE COURT:  The other thing, though, on a |
| 11:47:23 | 24 | suppression -- you've got a scheduling order, I assume. |
| 11:47:29 | 25 | MR. IVY:  Yes, Judge.  And most of the deadlines have |

| | | |
|---|---|---|
| 11:47:31 | 1 | passed at the time that I -- |
| 11:47:32 | 2 | THE COURT:  That's their scheduling order.  And as I |
| 11:47:35 | 3 | say, I don't use the deadlines to eliminate any motion.  I just |
| 11:47:41 | 4 | urge you if you're going to do a motion for a suppression, to do |
| 11:47:47 | 5 | it as early as possible.  It won't bother anybody else, I |
| 11:47:50 | 6 | suspect, so that I can get it on the calendar. |
| 11:47:55 | 7 | MR. IVY:  Mr. Gardner and I are going to meet next |
| 11:47:57 | 8 | week, your Honor, and I'm sure we could get it -- if there is |
| 11:47:59 | 9 | such a motion, it will be filed next week. |
| 11:48:02 | 10 | THE COURT:  My next big criminal case is on the 11th. |
| 11:48:08 | 11 | One of the prime defendants died yesterday.  So you never know |
| 11:48:12 | 12 | what's going to happen one way or the other.  But earlier is |
| 11:48:17 | 13 | better. |
| 11:48:18 | 14 | MR. IVY:  Understand, your Honor.  Thank you. |
| 11:48:20 | 15 | THE COURT:  All right.  Counsel, anything else that |
| 11:48:23 | 16 | defense wish to talk about, since we're here together?  Yes, sir. |
| 11:48:37 | 17 | MR. FINN:  Judge, one last housekeeping issue.  I've |
| 11:48:40 | 18 | had a very difficult time being able to work with my client. |
| 11:48:46 | 19 | He's in the Bastrop County jail.  He's in solitary confinement. |
| 11:48:51 | 20 | Thanks to your phone call, they've been -- the jail staff have |
| 11:48:55 | 21 | been wonderful.  They're responsive, they put me in a room.  I |
| 11:48:58 | 22 | call ahead, we make reservations.  So that's going great. |
| 11:49:03 | 23 | The problem is there's a protective order in this case, |
| 11:49:05 | 24 | so I can't leave anything with my client for him to do his |
| 11:49:10 | 25 | homework on in his solitary confinement other than his basically |

| | |
|---|---|
| 11:49:14 | 1 |
| 11:49:20 | 2 |
| 11:49:23 | 3 |
| 11:49:27 | 4 |
| 11:49:32 | 5 |
| 11:49:35 | 6 |
| 11:49:39 | 7 |
| 11:49:45 | 8 |
| 11:49:48 | 9 |

1 bank records.  And I've got a stack of discovery that takes quite

2 a bit of time to go through and I would really -- I need to be

3 able to give that to him so that he can read it in his solitary

4 cell because they keep kicking me out because I'm taking too much

5 time.  In other words, Judge, they say, well, Mr. Finn, you're

6 not the only attorney with a client in here.  We need this room

7 for other attorneys.  And I think that if we can cobble together

8 something that would satisfy the government, it might work a

9 little bit better.

10            THE COURT:  Have you gone over to Mr. Gardner and sat

11 down and said, here's the discovery and I really need to show my

12 client this?

13            MR. FINN:  We've had that conversation.

14            MR. GARDNER:  Your Honor, I have no objection to Mr.

15 Finn providing his client with all the bank records.  We've made

16 that specifically searchable so the attorneys wouldn't waste too

17 much time.  They can keyword search.  I have no problem.  That's

18 not under protective order.  My only issue is having a affidavit

19 that contains information from cooperating informants in the

20 jail.

21            THE COURT:  Well, I understand that.  But I mean, there

22 may be some things that there are no problem that y'all could

23 work out.  And if you can't work out the problem, then feel free

24 to file a motion.

25            MR. FINN:  Because the banks records are only a small

11:50:36  1  piece of the evidence.

11:50:38  2          THE COURT:  They're gone.  You can show that.  What I'm

11:50:42  3  saying is be a real lawyer.  Go over there or y'all go out and

11:50:48  4  get coffee.  You tell him exactly what you want your client to

11:50:52  5  look at.  He will tell you.  He's not short of decisions.  He'll

11:50:58  6  say, these things are all right and these things are not.  Then

11:51:03  7  file a motion, I'll look at them, and I'll make a decision.

11:51:06  8          MR. FINN:  Judge, with all due respect, I am a real

11:51:08  9  lawyer.  I've had that conversation and the answer is no.  Only

11:51:13  10  financial information.  That won't cut it.  That's why I'm asking

11:51:17  11  for your help.  And, frankly, that comment about be a real

11:51:24  12  lawyer, that's out of line.

11:51:26  13          THE COURT:  All right.  Every day I sit up here, every

11:51:32  14  day -- you're not here every day, so I apologize.  But every day,

11:51:37  15  I sit up here for hours and work on problems that lawyers could

11:51:43  16  have worked out in ten minutes if they would meet each other,

11:51:46  17  instead of sending e-mails and would work those things out.

11:51:50  18          MR. FINN:  This is not one of those issues.

11:51:52  19          THE COURT:  All right.

11:51:58  20          MR. GARDNER:  I'll sit down with Mr. Finn again.  We

11:52:00  21  could talk about it and that way we could resolve what can be

11:52:03  22  resolved, and if not, we can file the motion and request the

11:52:06  23  Court to make a decision from there.

11:52:08  24          THE COURT:  File a motion under seal and tell me what

11:52:10  25  y'all can't agree on, and I may require you to come here and

| | | |
|---|---|---|
| 11:52:17 | 1 | explain it to me.  But I'll work it out. |
| 11:52:18 | 2 | MR. FINN:  Okay.  Thank you, Judge. |
| 11:52:19 | 3 | THE COURT:  Yeah.  Any unreal lawyers want to make a |
| 11:52:27 | 4 | comment?  All right. |
| 11:52:30 | 5 | Counsel, I hope I don't have to take your time again |
| 11:52:32 | 6 | before jury selection, but if there's anything that you want to |
| 11:52:36 | 7 | discuss, let me know.  If you think it will be beneficial, I'll |
| 11:52:40 | 8 | schedule another hearing.  But I know from all of the motions for |
| 11:52:45 | 9 | continuances, y'all are all busy.  And I can assure you that |
| 11:52:49 | 10 | we're pretty busy here. |
| 11:52:51 | 11 | So watch the electronic filings.  If somebody files a |
| 11:53:00 | 12 | motion, I don't require you to all be here if you're not |
| 11:53:06 | 13 | interested in a motion.  But watch it, it may be a motion that |
| 11:53:09 | 14 | you want to be here on.  And if I set another hearing, of course, |
| 11:53:15 | 15 | I'm glad to see you or just the movant and the government. |
| 11:53:18 | 16 | Anything further from the government? |
| 11:53:20 | 17 | MR. GARDNER:  Not from the government, your Honor. |
| 11:53:21 | 18 | Thank you. |
| 11:53:21 | 19 | THE COURT:  All right.  We're in recess. |
| | 20 | (End of proceedings.) |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1                              * * * * * *

2

3

4    UNITED STATES DISTRICT COURT)

5    WESTERN DISTRICT OF TEXAS    )

6

7        I, LILY I. REZNIK, Official Court Reporter, United States

8    District Court, Western District of Texas, do certify that the

9    foregoing is a correct transcript from the record of proceedings

10   in the above-entitled matter.

11       I certify that the transcript fees and format comply with

12   those prescribed by the Court and Judicial Conference of the

13   United States.

14       WITNESS MY OFFICIAL HAND this the 12th day November, 2013.

15

16

17                                    /s/Lily I. Reznik
                                      LILY I. REZNIK, CRR, RMR
18                                    Official Court Reporter
                                      United States District Court
19                                    Austin Division
                                      501 W. 5th Street, Suite 4153
20                                    Austin, Texas 78701
                                      (512)391-8792
21                                    Certification No. 4481
                                      Expires:  12-31-14
22

23

24

25